Peters *v.* Neely.

16L 275
4pi 266

GEO. B. PETERS, JR., Adm'r, *v.* J. C. NEELY *et al.*

1. CHANCERY PLEADINGS AND PRACTICE. *Foreign corporation.* The president of a foreign corporation, who is not made a party defendant to a bill, but only mentioned as the principal officer of the corporation for the service of process, and upon whom the process against the company is served as such, is not a party to the suit, and can not demur to the bill.

2. SAME. *Same. Service on president.* The service of process on the president of a foreign corporation in the county in this State in which he resides and in which the corporation transacts business, either by comity or under the terms of its charter, is sufficient to make the company a party, and, if it has any ground for contesting the jurisdiction of the court by reason of the nature of the transaction, it should make the defense by proper pleading.

3. SAME. *Same. Jurisdiction.* The general rule is that the jurisdiction of a court over a foreign corporation, by service of process on a resident agent, is limited to cases founded upon contracts made or transactions occurring in the State, but a foreign corporation doing business in this State, under the express authority of its charter, at a place where its principal officers, and all, or nearly all, of its stockholders reside, and where its stockholders and directors hold their meetings, must be considered as consenting to the jurisdiction of the local courts for all purposes, at any rate until it show cause to the contrary.

4. SAME. *Same. Same.* A court of competent jurisdiction can have no difficulty in adjusting the rights and equities of parties in stock in a foreign corporation, transferred in trust to secure a debt due to the corporation, where the trustee, the corporation, and the personal representative of the owner of the equity of redemption are before the court.

---

### FROM SHELBY.

---

Appeal from the Chancery Court at Memphis. W. W. McDowell, Ch.

Harris & Turley and Finlay & Peters for complainant.

Craft & Cooper for defendants.

Cooper, J., delivered the opinion of the court.

The chancellor sustained a demurrer to this bill, and the complainant appealed.

On September 8, 1883, Thos. Peters, a citizen of the State of Alabama, having his domicil at Birmingham, departed this life, testate, at Louisville, Kentucky. He left personal property in Shelby county, Tennessee, and was indebted to several citizens of this State. His will was duly probated in Shelby county, and complainant qualified as administrator with the will

annexed, no executor having been named in the will. By that instrument, J. C. Neely, of Memphis, Tennessee, and E. W. Rucker, of Alabama, without being named as executors or trustees, were directed to take charge of certain property and assets, including the testator's interest in the Pratt Coal & Iron Company, presently more particularly mentioned, and it was further directed that the debts of the testator at Birmingham, Alabama, Louisville, Kentucky, Memphis and Nashville, Tennessee, should be paid. Neely and Rucker refused to act under the will. A few years before his death, the testator became indebted to the Pratt Coal & Coke Company, a corporation organized under the laws of Alabama and having its place of business at Birmingham, in the sum of perhaps $65,000. To secure this debt the testator assigned to the defendant, J. C. Neely, as trustee, a large amount, probably between $150,000 and $200,000, of the capital stock of the said Pratt Coal & Coke Company, of which he was the owner. The stock was represented by regular stock certificates payable to the testator, and by him endorsed with a power of attorney to J. C. Neely, under which the stock was transferred to Neely on the books of the company, and new certificates issued to him. Since the death of the testator, the said Pratt Coal & Coke Company has reorganized under the name of the Pratt Coal & Iron Company, this company succeeding to all the property, rights and assets of the Pratt Coal & Coke Company, and as such becoming the owner of the indebtedness. The stockholders in the two companies were the same,

and the stock transferred by the testator to Neely was entitled to its proper share of stock in the new company, which either has been, or will be issued to Neely. All or nearly all of the stock in said company, except the stock of the testator, is owned by Enoch Ensley, J. C. Neely, Napoleon Hill, Noland Fontaine, T. H. Milburn and J. H. Smith, all of whom are resident citizens of Shelby county, Tennessee, Enoch Ensley being the president, and J. H. Smith the secretary and treasurer of the company. By the charter, the company is allowed to have an office, and its directors are authorized to hold meetings in Tennessee, and the secretary and treasurer transacts much of its business in Shelby county. The company itself, under the authority of its charter and the laws of Alabama, transacts much of its business in Tennessee. It ships coal to Memphis, and probably other points in the State, and sells the same. The stockholders frequently meet in Memphis, where a large majority, if not all of them, live.

The present bill, filed November 24, 1883, after stating the foregoing facts, alleges that the stock of the testator in Neely's hands, if properly managed, will bring largely more than enough to pay the indebtedness of the estate to the company, and asks that it be sold under the direction of the court, and the surplus, after satisfying the trust debt, paid to the complainant as administrator. The bill is filed against J. C. Neely, as trustee, under the transfer of stock made to him by the testator, and as an individual, and against the Pratt Coal & Iron Company. The

process was served upon Neely, and Enoch Ensley as president of the company.

Ensley and Neely, declaring that they do not appear for the company nor undertake to represent it, join in a demurrer, assigning as causes:

1. That the court has no jurisdiction of the subject-matter of the litigation, that is, of the stock of the company.

2. Nor of the company itself, nor of Ensley as its president by service of process in this State.

3. Nor of Neely as trustee, nor of the trust represented by him.

4. Nor of Neely as an individual in connection with the company, or the stock of the company.

The demurrer recites that Enoch Ensley is "made defendant as president of the Pratt Coal & Iron Company," and joins in it as such president. But Ensley is not made a defendant, either as president or as an individual. The bill makes the company a defendant, stating that Ensley is its president, residing in Shelby county, in which county the bill is filed, and asks that the process against the company be served upon him as its principal officer. Ensley expressly protests in the demurrer that he does not appear for or represent the company. The demurrer is, therefore, not the demurrer of the company, and it cannot be entertained as the demurrer of Ensley, for he is no party to the suit. The chancellor clearly erred in sustaining the demurrer as his.

The case then rests alone upon the demurrer of the defendant Neely, the company making no defense.

In this view, unless the bill be so devoid of equity that the court would dismiss it *mero motu,* the chancellor erred in sustaining the demurrer at all.    For if the court had jurisdiction of the company, it clearly had jurisdiction of Neely, who was served with process in the county of his residence, and whose trust was confined to the complainant and the company. And the appeal, moreover, was improvidently granted, even if his demurrer had been properly sustained, until the case had been disposed of as to the company: *Hunter* v. *Gardenhire,* 10 Lea, 87.    The case has been argued in this court as if the demurrer of Ensley, notwithstanding his protest to the contrary, was the demurrer of the company, and it must have been so argued in the court below, for otherwise the chancellor would not have dismissed the whole bill.    And it is manifestly the desire of the parties, as well as to their interest, that the question of jurisdiction should be settled.

The contention of the defendants is, that the court below had no jurisdiction of the persons or the subject-matter.    The jurisdiction of the person of the defendant Neely is beyond question, for the reason just stated, that he has been personally served with process in the county of his residence, and that the object of the bill is to enforce the execution of a trust confided to him.    The service of process on the president of the company was sufficient to make it a party, whether it was a domestic or foreign corporation:    Code, sec. 2831; *Railroad* v. *Walker,* 9 Lea, 475, 478.    And, under the circumstances, it being

Peters *v.* Neely.

authorized to have an office and transact business in this State, with its stockholders, directors, and principal officers residing here, the presumption would be that it was for the interest of the company and the convenience of its officers to acquiesce in the jurisdiction of our courts. If it has any ground for contesting the jurisdiction of the court because of the nature of the transaction, it should make the defense by proper pleading. There is no difficulty, therefore, as to the jurisdiction of the person of both of the defendants.

The objection to the jurisdiction of the subject-matter is two fold; first, that the suit is based upon a foreign contract, and secondly, seeks to reach stock in a foreign corporation. The first ground rests upon an assumption or inference, for the bill does not aver that the trust assignment of the certificates of stock was made in another State. And if from the residence of Thos. Peters in Alabama, the inference might seem to be a fair one that the transfer was made in that State, the residence of Neely in this State at at the time, which is averred, might justify a different inference. The general rule is that the jurisdiction of a court over a foreign corporation by service of process on a resident agent is limited to cases founded upon contracts made, or transactions occurring, in the State. The reason of the rule is, that the corporation expressly or tacitly consents to accept service of process on its agent in all matters in which it is permitted to act by comity without express authority. But the reason of the rule can hardly apply when the corporation is authorized by its charter to do

business in another State, where its principal officers and all, or nearly all, of its stockholders reside, and where it holds meetings of its stockholders and directors. The company, in such a case, fairly holds out to the world that its place of business is where its principal officers reside, and its meetings are held. It consents, virtually, to the jurisdiction of the local courts for all purposes. And at any rate it presents such a *prima facie* case of jurisdiction as to require some showing to take it out of the rule.

Stock in a corporation is personal property in the nature of a chose in action, and evidenced by the certificate issued therefor: *Mayor* v. *Thomas,* 5 Cold., 602; *State Insurance Company* v. *Gennett,* 2 Tenn. Ch., 103. An assignment of the stock on the books of the company passes the legal title everywhere, and the assignment of the certificate with a power of attorney to assign on the books has the same effect in this State: *Cormick* v. *Richards,* 3 Lea, 1. There may be, and doubtless is, grave difficulty in reaching, by judicial proceedings in one State, the stock of a corporation in another State, or the equity of redemption in such stock, where the court has no jurisdiction of the corporation or the person entitled to the stock, or the equity of redemption therein: *Moore* v. *Gennett,* 2 Tenn. Ch., 375; *Plimpton* v. *Bigelow,* 93 N. Y., 602. But there can be no difficulty in adjusting the equities of the parties, and enforcing their rights by any court of competent jurisdiction, where the suit is brought by the party entitled to the equity of redemption in stock, and the trustee and the corporation are

before the court. For the court may enforce its decrees by its ordinary action in *personam.* It may do so in the specific performance of contracts or trusts even as to land: *Penn* v. *Lord Baltimore,* 1 Ves., 444; *Muller* v. *Dows,* 94 U. S., 444. The complainant, as administrator, is entitled, in the first instance, to the surplus of the stock in controversy for the payment of debts.

The chancellor's decree will be reversed, the demurrer overruled, and the cause remanded for further proceedings.

The defendants will pay the costs of this court.