LANG v. INGALLS ZINC COMPANY.

(*Knoxville.* October 6, 1897.)

APPEAL. *Does not lie.*

An appeal by the complainant does not lie, either as matter of right or by discretionary leave of the Chancellor, from a decree dismissing his bill on demurrer as to part only of the defendants, and leaving it undisposed of as to others. Such decree is not final in such sense as to admit of appeal from it.

Code construed: § 4889 (S.); § 3874 (M. & V.); § 3157 (T. & S.).

Cases cited and approved: Delap v. Hunter, 1 Sneed, 101; Hume v. Bank, 1 Lea, 220; Grotenkemper v. Carver, 4 Lea, 383; Meadows v. State, 7 Cold., 416; Harrison v. Farnsworth, 1 Heis., 751; Hunter v. Gardenhire, 10 Lea, 89; Younger v. Younger, 90 Tenn., 25; Gurley v. Railroad, 91 Tenn., 486.

---

FROM JEFFERSON.

---

Appeal from Chancery Court of Jefferson County. JOHN P. SMITH, Ch.

NOBLE SMITHSON for Lang.

WASHBURN, PICKLE & TURNER, and EUGENE HOLTSINGER for Zinc Company.

WILKES, J. This bill was filed against the Ingalls Zinc Company, a body corporate, and also

against three of its officers, asserting certain claims. The officers demurred to the bill, upon the ground that as to them, the bill alleged no cause of action; that it asked no discovery, and set out no ground for relief. The Chancellor sustained the demurrer and dismissed the bill, as to the individual defendants, leaving the matter in controversy still pending against the Ingalls Zinc Company, as a corporation which answered. Thereupon, complainants appealed from so much of the Chancellor's decree as dismissed the bill against the individual defendants. In the Court of Chancery Appeals a preliminary motion was made to dismiss the appeal because it was prematurely granted. This motion was sustained by the Court of Chancery Appeals, and from their ruling and decree an appeal was prayed to this Court.

The only question before this Court under the appeal and assignment of errors is, Was the Court of Chancery Appeals correct in dismissing complainant's appeal? We are of opinion it was correct. The decree appealed from was not a final decree, and disposed of the case as to part of the defendants only, leaving the case pending in the Court below as to the other and the principal defendant. A decree which settles the cause as to only a part of the defendants is not final, and an appeal does not therefore lie as a matter of right. *Delap* v. *Hunter*, 1 Sneed, 101; *Hume* v. *Commercial Bank*, 1 Lea, 220; *Grotenkemper* v. *Carver*, 4 Lea, 383;

*Meadows* v. *State*, 7 Cold., 416; *Harrison* v. *Farns-worth*, 1 Heis., 751.

Neither is it such a decree as falls within the statute (Shannon, 4889) allowing an appeal in the discretion of the Chancellor. That statute only allows an appeal, in the Chancellor's discretion, from a decree overruling a demurrer or settling the rights of the party appealing. A contrary practice would divide a case into two suits, one pending in this Court against some of the defendants and the other against the other defendants in the Court below. The complainants in each case can only revise the action of the Chancellor after the final decree in the Court below. *Hunter* v. *Gardenhire*, 10 Lea, 89; *Younger* v. *Younger*, 6 Pickle, 25, 29; *Gurley* v. *Railroad*, 7 Pickle, 486.

Such has been the uniform holding of this Court, and it is not disposed to change it or admit of any other construction of the statute referred to. The writer of this opinion has never had this view of the statute. The last clause is, the Chancellor "may allow any party to appeal from a decree which settles his rights, although the case may not be disposed of as to others."

I am of opinion the decree sustaining this demurrer was final as to the demurrants, and settled their rights and liabilities. It likewise settled the rights of the complainants against the demurrants, and by the plain language of the statute an appeal would lie, in the discretion of the Chancellor, to the losing party.

Lang *v.* Ingalls Zinc Co.

Under the holding of the Court, the complainant must proceed against the defendant corporation until the merits are reached, and then appeal, though he may be satisfied with the result as to the corpora- tion, and thus take up the litigation anew with the individual defendants, or abandon, as to them, alto- gether. This, it appears to me, is a hardship upon complainant, and splits up the action more than an appeal would do, in which case the complainant would simply suspend his suit in the Court below, and could be required to do so as a condition of appeal, until his appeal was determined, and then proceed as to all parties not released. Upon these grounds I respectfully dissent from the opinion of the majority.