GAVIN *v.* SHELBY COUNTY *et al.*\*

*(Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

\*For parallel case see Bruce v. Anz et al., 173 Tenn., —.

W. G. Cavett, of Memphis, for plaintiff in error.

F. H. Gailor, of Memphis, for Shelby County.

Roy H. Beeler, Attorney-General and .W. C. Cook, Assistant Attorney-General, for Department of Highways and Public Works.

Mr. Justice McKinney delivered the opinion of the Court.

Plaintiff in error sued the defendants in error to recover damages as the result of taking his property for internal improvements. The trial court sustained the motion of the Department of Highways and Public Works to dismiss the suit as to it, but did not dispose of the case as to Shelby County. In this situation the trial court permitted the plaintiff in error to appeal to this court.

 The Department of Highways and Public Works has filed a motion to dismiss the appeal because the judgment of the trial court is interlocutory, from which no appeal lies. This motion is sustained and the appeal dismissed. Counsel have misconceived the holding of this court in *Bozeman* v. *Naff*, 155 Tenn., 121, 290 S. W., 981, in which it was held that one of several defendants in an action at law could appeal from a judgment that was final as to him, although undetermined as to other defendants. The judgment herein is not final as to the plaintiff in error, but only with respect to one of the defendants in error. It may never become necessary to consider the liability of the Department of Highways and Public Works, because, should the trial court adjudge liability against the county and it should not ap-

peal, then it would not be necessary to adjudicate as to the liability of the state. An appeal lies from a judgment which is final as to appellant. In *Younger, Adm'r, v. Younger,* 90 Tenn., 25, 16 S. W., 78, it is said: "An appeal, as a matter of right, lies only from a final decree or judgment, and a final decree or judgment is one which decides and disposes of the whole merits of the case."

In the instant case the judgment appealed from does not dispose of the whole merits of the case, so far as the plaintiff in error is concerned, since the merits are still undetermined as to Shelby County; while in *Bozeman v. Naff, supra,* the judgment did dispose of the whole merits of the case with regard to the appellants. The distinction is obvious.