BRUCE *v.* ANZ *et al.*

(*Nashville*, December Term, 1937.)

Opinion filed April 2, 1938.

HIGGINS & MOORE, of Nashville, for plaintiff in error.

J. E. TRAVIS and J. P. STALLWORTH, JR., both of Nashville, for defendants, Anz and New Amsterdam Casualty Co.

Roy H. BEELER, Attorney-General, and W. C. COOK and HARRY PHILLIPS, Assistant Attorneys-General, for defendants, Bible and Commissioner of Highways.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an action to recover for personal injuries suffered in an automobile accident while driving over a road under reconstruction by defendant Anz, as a contractor working for the State Highway Department. Defendant Bible is the engineer in charge, and defendant casualty company is surety bondsman for the contractor.

The trial judge sustained demurrers of all defendants except Anz, and granted this appeal from his order dis-

missing as to them. The action is yet pending in the trial court against Anz on his plea of not guilty.

A motion to dismiss the appeal must be sustained on the authority of *Gavin* v. *Shelby County et al.*, 172 Tenn., 696, 113 S. W. (2d), 1195, decided at the present term, opinion by Mr. Justice McKinney, and other cases to be cited.

 It is, of course, well settled that an appeal as a matter of right lies only from a judgment which is final as to the party appealing. It is plain, also, that the application of Code, section 9038, authorizing discretionary appeals from interlocutory decrees, is limited to equity cases, and cannot be invoked in an action for tort. This appears on the face of this statute, and see *Payne* v. *Satterfield*, 114 Tenn., 58, 84 S. W., 800.

██ Moreover, not even a discretionary appeal otherwise authorized under section 9038, lies from a judgment or decree sustaining a demurrer and dismissing as to one or more of the defendants and leaving the case undisposed of in the trial court as to others. *Hunter* v. *Gardenhire*, 78 Tenn. (10 Lea), 87; *Lang* v. *Ingalls Zinc Co.*, 99 Tenn., 476, 42 S. W., 198; Gibson's Suits in Chancery, section 1265, subsec. 1; *Peters* v. *Neely*, 84 Tenn. (16 Lea), 275, 280.

██ The rule is general that a judgment is not final which settles the case as to a part only of the defendants. 2 Am. Jur., p. 866; 80 A. L. R., 1192.

██ In the instant case it is clear that the judgment plaintiff in error has appealed from did not dispose of his action against Anz, one of the defendants, and this judgment is, therefore, not a final disposition of the case. As said in *Younger, Admr.,* v. *Younger,* 90 Tenn., 25, 27,

16 S. W., 78, "a final decree or judgment is one which decides and disposes of the whole merits of the case."

The reasonableness of the rule finds illustration here. The contractor, Anz, is the primary alleged offender. Should a trial on the merits result in his favor, there would probably be no attempt to prosecute the claims against the other parties. And, on the other hand, if a judgment should go against Anz, and he should pay it, no appeal would be prosecuted.

Our attention is called to the recent case of *Tyler* v. *Obion County et al.,* 171 Tenn., 550, 106 S. W. (2d), 548, as a case in which the appeal was premature under the holding in *Gavin* v. *Shelby County et al., supra,* followed in this case. In the first place, the question of prematurity was not made in that case, and the point was not considered by the court; and, in the second place, both the plaintiff and the defendants appealed, which presented a somewhat different situation.

It is also suggested on the brief that the opinion of this court in *Bozeman* v. *Naff,* 155 Tenn., 121, 290 S. W., 981, has been interpreted by the profession as holding that, "When there are several parties sued at law in an action of damages, wherein a judgment may be rendered for certain defendants and against others, a plaintiff would have the right to appeal from a judgment sustaining a demurrer upon the part of one defendant." The appeal entertained by this court in that case was by defendants as to whom judgment had been entered and execution ordered. The judgment appealed from was final as to the parties appealing. We find nothing in that opinion which recognizes the right of a plaintiff to appeal from a judgment sustaining the demurrer of some of the defendants and leaving the case undisposed of as

to other defendants, which is the situation presented in the case at bar.

The appeal is premature and unauthorized and must be dismissed.