DENSON v. WEBB et al.—136 S. W. (2d) 59.

Western Section.   October 12, 1938.

Petition for Certiorari denied by Supreme Court.   April 1, 1939.

Joseph H. Norville and Wallace Lopez, both of Memphis, for plaintiff in error.

McDonald, McDonald & Brown, of Memphis, for defendants in error.

SENTER, J.   Plaintiff in error, Mrs. Ethel Denson, sued the defendant, Mrs. Gwin Webb, and the defendant, Sales Affiliates, Inc., for damages alleged to have resulted to plaintiff from the use of a hair dye known as "Inecto."

The declaration avers that as a customer of Webb's Beauty Shop owned and operated by the defendant, Mrs. Gwin Webb, plaintiff had her hair dyed, and that said defendant used the preparation "Inecto," manufactured and sold by the defendant, Sales Affiliates, Inc.; that said preparation, "Inecto," is dangerous, harmful, and deleterious; and that the same was negligently manufactured and placed upon the market by the defendant, Sales Affiliates, Inc., and negligently used by the defendant, Mrs. Gwin Webb, in her beauty shop in Memphis, Tennessee.

The declaration further avers that the defendant, Mrs. Gwin Webb, was a resident of the City of Memphis, Tennessee, and avers that the defendant, Sales Affiliates, Inc., is a non-resident of the State of Tennessee, but avers that said defendant, Sales Affiliates, Inc., had designated a representative in City of Memphis.   Service of process was directed by plaintiff in the summons to be served upon the U. S. Fidelity & Guaranty Company as the agent and representative of this defendant in this suit.   Service of process was had upon the defendant, Mrs. Gwin Webb, in the City of Memphis, and process was served on an agent of the U. S. Fidelity & Guaranty Company located in the City of Memphis.

The defendant, Sales Affiliates, Inc., filed a plea in abatement, and entered its appearance only for the purpose of filing a plea in abatement to the suit against it.   The plea in abatement averred that it was a non-resident corporation, and was not engaged in the transaction of any business in the State of Tennessee at the time the summons was issued, and had never been engaged in any business and had never conducted any business in the City of Memphis and did not have any agent in Shelby County, Tennessee, or elsewhere in Tennessee, or elsewhere in Tennessee authorized to accept service of process, and that no authorized agent of said defendant was a resident of Shelby County, Tennessee.   The plea in abatement then set forth, in substance, that the Sales Affiliates, Inc., had not designated the U. S. Fidelity & Guaranty Company as a process agent for the Sales Affiliates, Inc., that the U. S. Fidelity & Guaranty Company is not the attorney in fact of the Sales Affiliates, Inc., and that there is no connection existing between the Sales Affiliates, Inc., and the U. S. Fidelity & Guaranty Company which would bring the Sales Affiliates, Inc., into the jurisdiction of the courts of Tennessee; that said two corporations are distinct corporations engaged in entirely different

lines of business, and that the Sales Affiliates, Inc., had not authorized said U. S. Fidelity & Guaranty Company to accept process for it; and that the service of process in this cause is void and of no effect, and asked that the same be quashed and for nothing held.

The defendant, Mrs. Gwin Webb, filed a plea of the general issue of not guilty. Plaintiff below filed a replication to the plea in abatement and the issues thus created were tried to the Circuit Judge, resulting in the plea in abatement being sustained by the court.

A motion for a new trial by plaintiff below was overruled, and from the action of the court in overruling her motion for a new trial and in dismissing the suit as to the defendant, Sales Affiliates, Inc., plaintiff prayed and was granted an appeal in error to this court.

It appears that the suit was instituted October 13, 1936, in the Circuit Court of Shelby County, Tennessee. On October 19, 1936, the defendant, Mrs. Gwin Webb, filed her plea of not guilty to the declaration. On November 12, 1936, the defendant, Sales Affiliates, Inc., filed a plea in abatement as above set forth. The plea in abatement was sustained by the court on March 26, 1938. Plaintiff in error filed a motion for a new trial to the action of the court on the plea in abatement on March 30, 1938. The motion for a new trial was overruled on April 5, 1938, and plaintiff in error appealed from the action of the court in overruling the motion for a new trial and in sustaining the plea in abatement on April 5, 1938.

It is further shown by the record that on April 5, 1938, plaintiff tendered the bill of exceptions which was approved by the court and that the appeal was perfected on April 8, 1938, by the filing of a pauper's oath as directed by the court. It further appears that after the appeal had been duly perfected as above stated on April 8, 1938, that on April 11, 1938, plaintiff below was permitted by the court to take a voluntary nonsuit as to the defendant, Mrs. Gwin Webb.

The record in the cause was duly filed in this court, and errors assigned. Whereupon, the defendant, Sales Affiliates, Inc., filed its motion in this court to dismiss the appeal of plaintiff in error, on the ground that the appeal was premature and was not an appeal from a final judgment in the cause, entitling plaintiff to appeal at this stage of the proceedings. Upon the filing of this motion to dismiss the appeal because prematurely granted, plaintiff below presented a petition for a writ of error, setting forth the fact of the voluntary nonsuit having been taken as to the defendant, Mrs. Gwin Webb. This petition for a writ of error is resisted by appellee, Sales Affiliates, Inc. It being the contention of said appellee that the cause was still pending in the lower court as to the defendant, Mrs. Gwin Webb, and that an appeal had been prayed, granted and perfected to this court before there was an attempted non-suit as to said defendant, Mrs. Gwin Webb; that having perfected her appeal to this

court, she was not entitled to both remedies, and appeal in error and a writ of error.

We are of the opinion that the appeal was prematurely prayed and granted and perfected, under the authority of two recent cases, Gavin v. Shelby County et al., 172 Tenn., 696, 113 S. W. (2d), 1195, and the case of Bruce v. Anz et al., decided by the Supreme Court April 2, 1938, and reported in 173 Tenn., 50, 114 S. W. (2d), 789.

In the Gavin case, under the first head-note, it is said: "In action against two codefendants, a judgment which dismissed suit as to one defendant, but did not dispose of case as to other defendant, was 'Interlocutory' as to latter defendant, so that plaintiff's appeal therefrom required dismissal, since judgment did not dispose of all the facts of the case as regarded plaintiff."

In that case plaintiff sued to recover damages as a result of taking property for internal improvements. The suit was against Shelby County and the Department of Highways and Public Works of Tennessee. The trial judge sustained the motion of the Department of Highways and Public Works to dismiss the suit as to it but did not dispose of the case as to Shelby County. The court permitted the plaintiff to appeal to the Supreme Court. The Department of Highways and Public Works filed a motion to dismiss the appeal, because the judgment of the trial judge was interlocutory and from which no appeal would lie. The Supreme Court in any opinion by Mr. Justice McKinney sustained the motion to dismiss the appeal, stating: "The judgment herein is not final as to the plaintiff in error, but only with respect to one of the defendants in error. It may never become necessary to consider the liability of the Department of Highways and Public Works, because, should the trial court adjudge liability against the county and it should not appeal, then it would not be necessary to adjudicate as to the liability of the state. An appeal lies from a judgment which is final as to appellant."

The court in the opinion also quoted with approval from the case of Younger, Adm'r v. Younger, 90 Tenn., 25, 16 S. W. 78, wherein it is said: "An appeal, as a matter of right, lies only from a final decree or judgment, and the final decree or judgment is one which decides and disposes of the whole merits of the case."

In the still more recent case of Bruce v. Anx, supra, the same question was before the court. That was an action to recover for personal injuries sustained in an automobile accident, and was against A. T. Anz and one Bible, the engineer in charge of the construction work and the defendant casualty company as surety bondsmen for the contractor, Bible. The trial judge sustained the demurrers of all the defendants except Anz and granted an appeal from his order dismissing as to them. The action was still pending in the trial court against Anz on his plea of not guilty. In that case the court said: "A motion to dismiss the appeal must be sustained on the authority

of Gavin v. Shelby County et al., 172 Tenn. [696], 113 S. W. (2d), 1195.''

It was further stated by the court: ''In the instant case it is clear that the judgment plaintiff in error has appealed from did not dispose of his action against Anz, one of the defendants, and this judgment is, therefore, not a final disposition of the case.''

The court in the above case referred to and distinguished that case from Tyler v. Obion County et al., 171 Tenn., 550, 106 S. W. (2d), 548. The distinction being that the question of the prematurity of the appeal was not made in Tyler v. Obion County et al., supra, and further that both the plaintiff and the defendants appealed. The court also discussed and distinguished the case of Bozeman v. Naff, 155 Tenn., 121, 290 S. W., 981, the distinction being that in the Bozeman case the appeal was by the defendants against whom judgment had been entered and execution ordered, and that the judgment appealed from was final as to the parties appealing.

█ We are therefore constrained to hold that the motion to dismiss the appeal must be sustained. However, as hereinabove stated, upon the filing of the motion to dismiss the appeal on the ground that it was not a final judgment, the appellant then filed a petition for a writ of error, on the theory that if it should be held that the judgment appealed from was not a final judgment at the time the appeal was prayed and granted, then the appeal became void, and a voluntary non-suit having been taken against Mrs. Gwin Webb during the same term of the court, that after taking the non-suit the judgment sustaining the plea in abatement as to the defendant, Sales Affiliates, Inc., became the final judgment, and hence could be reviewed by this court on the petition for a writ of error.

We are of the opinion that while an appeal in error and a petition for a writ of error are alternative remedies as provided by the Code, Section 9059 et seq., yet in the present case there had been no valid appeal at the time the voluntary non-suit was taken, and, hence, the voluntary non-suit against Mrs. Gwin Webb was properly granted, which left the judgment of the court on the plea in abatement a final judgment and subject to review either by an appeal in error or by a petition for writ of error.

█ It follows that the petition for a writ of error will be granted and the action of the trial judge in sustaining the plea in abatement of the defendant, Sales Affiliates, Inc., may be reviewed on the assignments of error directed to the action of the court in sustaining the plea in abatement.

It is shown by the record that the Sales Affiliates, Inc., is a non-resident corporation, with its situs in the State of New York; that it manufactures and sells the product ''Inecto;'' that the defendant, Mrs. Gwin Webb, operated a beauty shop in the city of Memphis, and used this preparation, Inecto, in dyeing plaintiff's hair, resulting in

the alleged injuries. There is no evidence in the record that the Sales Affiliates, Inc., conducted any business in the State of Tennessee, or that it had any office or agent in the State of Tennessee at any time, either prior to the date of the alleged injuries or subsequent thereto.

It also appears that the Sales Affiliates, Inc., carried indemnity insurance with the United States Fidelity & Guaranty Company, which company maintained offices in the City of Memphis at the time this suit was brought. After the preparation had been used in dyeing plaintiff's hair, plaintiff, through her attorney, wrote the defendant, Sales Affiliates, Inc., with respect to the incident and in reply a letter was written to the attorney on the stationery of the said defendant, dated July 10, 1936, as follows:

"Wallace P. Lopez, Attorney
First National Bank Building
Memphis, Tenn.
Dear Sir:

In reply to your letter of July 8th regarding Mrs. T. P. Denson, this matter has been referred to our representatives, the U. S. Fidelity and Guaranty Company in your city. We suggest that you communicate with them about this claim.

Very truly yours.

Sales Affiliates, Inc.
Joyce Ward."

It is shown that Joyce Ward was merely a secretary in the offices of said defendant in New York. It also appears that upon receipt of this letter or soon thereafter the attorney for plaintiff called at the offices of the U. S. Fidelity & Guaranty Company in the city of Memphis, and in turn the attorney was directed to take the matter up with its attorney in the city of Memphis, and after some investigation the attorney for the U. S. Fidelity & Guaranty Company advised the attorney for plaintiff that he did not consider there was any liability. Whereupon, plaintiff instituted this suit, and the summons recited in part as follows: "You are hereby commanded to summon Mrs. Gwin Webb; doing business as Webb's Beauty Shop, Fisher Bldg. 10/19 Sales Affiliates, Inc., (Execute on the U. S. Fidelity & Guaranty Company, as representative of the defendants in this suit). If to be found within your county, personally to be and appear before the Judge of the Circuit Court of Shelby County, at a term of said Court to be held for said County, at the Courthouse in the city of Memphis, on the first Monday in November (11/2/36) next, then and there to answer Mrs. Ethel Denson in an action to her damage in the sum of Twenty-five Thousand ($25,000.00) Dollars."

The return on the writ shows the following service as it effects the Sales Affiliates, Inc.: "Further executed 10/19/36 on the Sales Affili-

~~ces, Inc. by making known to O. W. Wells, Atty. for U. S. F. & G. Co. the contents of this writ and by leaving copy of the declaration."

The plea in abatement sets out with some detail that the U. S. Fidelity & Guaranty Company was not its agent upon whom process could be served; that the two corporations were separate and distinct corporations and were engaged in separate and distinct businesses; that the Sales Affiliates, Inc., did not conduct any business in the State of Tennessee; that it had never conducted any business in the State of Tennessee; that it did not have any office, agent or representative in the State of Tennessee; that its only connection with the U. S. Fidelity & Guaranty Company was that of insurer and insured; that the word "representative" referred to in the letter above quoted and signed by Miss Joyce Ward was not intended to and did not in fact create the said U. S. Fidelity & Guaranty Company its agent in the sense that service of process against the defendant could be legally had by serving the writ on the U. S. Fidelity & Guaranty Company as its agent; that it had never authorized the U. S. Fidelity & Guaranty Company to accept service of process for it; that said defendant was not subject to suit in Tennessee, or to have process served upon the U. S. Fidelity & Guaranty Company as its representative for such purposes.

We find no conflict in the evidence, and the only conflict is with respect to the construction, under the facts to be given to the word "representative" as used in the above quoted letter. It being the contention under the assignments of error that the Sales Affiliates, Inc., by the said letter used the word "representative" in its usual literary significance, and that by this letter it constituted the U. S. Fidelity & Guaranty Company its agent for all purposes with respect to the particular claim involved, including that of having process served upon it so as to bring said defendant into court.

It is further contended by appellant that the Sales Affiliates, Inc., having referred plaintiff's attorney to the U. S. Fidelity & Guaranty Company in Memphis with respect to the said claim, that it is now estopped from denying that the U. S. Fidelity & Guaranty Company was not such an agent of said defendant as would authorize service of process in this suit.

To neither of these contentions can we agree. We think it clear from this record that the only relation that existed between the defendant, Sales Affiliates, Inc., and the U. S. Fidelity & Guaranty Company, was that of insurer and insured. When the claim growing out of the use of the hair dye was made by plaintiff's attorney to the Sales Affiliates, Inc., said defendant, who carried indemnity insurance with the U. S. Fidelity & Guaranty Company, merely referred the attorney for plaintiff to the U. S. Fidelity & Guaranty Company, since it was the insurer, for the purpose of having that company investigate the merits of the claim. We think that the word "rep-

resentative" as used was an inapt word and was so understood by the attorney for plaintiff. We reach this conclusion from the fact that the U. S. Fidelity & Guaranty Company in turn referred the attorney for plaintiff to its attorney in Memphis for the purpose of investigation and advice. The attorney advised plaintiff's attorney that there was no liability. We think it clear from the record that the attorney for plaintiff fully understood that the U. S. Fidelity & Guaranty Company was merely the insurer under the indemnity insurance of the Sales Affiliates, Inc., against liability, and that the Sales Affiliates, Inc., sustained no other relation with the U. S. Fidelity & Guaranty Company, except to carry a policy of indemnity insurance with said company.

We think it too well settled to require the citation of authority that in order to subject a foreign corporation to a suit in this state, the foreign corporation must either be engaged in business in this state, or have an office or agents in this state who are the agents in the sense that they are operating and conducting the business of the foreign corporation in this state. Section 8676 of the 1932 Code provides as follows: *"Foreign corporations suable here, when.*—Any corporation claiming existence under the laws of the United States or any other state, or of any country foreign to the United States, or any business trust found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are by the laws thereof liable to be sued, so far as relates to any transaction had, in whole or in part, within this state, or any cause of action arising here, but not otherwise."

Section 8677 of the Code provides as follows: *"When doing business here.*—Any . . . corporation or trust having any transaction with persons, or having any transaction concerning any property situated in this state, through any agency whatever, acting for it within the state, shall be held to be doing business here within the meaning of section 8676."

In construing Section 8676 in the case of Banks Grocery Co. v. Kelley-Clark Co., 146 Tenn., 579, 243 S. W., 879, it is held, the statute applies only to corporations doing business in this state.

In the case of National Beverage Co. v. W. J. Bush & Co., 6 Tenn. Civ. App., 643, this same section was under consideration and it was held that a non-resident corporation is not brought into court by service of process upon a mere soliciting traveling agent, where the corporation has no local agency and is not doing business within the state.

By section 8678 of the Code the following provision is made: "Process may be served upon any agent of said corporation or trust found within the county where the suit is brought, no matter what character of agent such person may be, and, in the absence of such an agent, it shall be sufficient to serve the process upon any person, if found

within the county where the suit is brought, who represented the corporation at the time the transaction out of which the suit arises took place, or, if the agency through which the transaction was had, be itself a corporation or business trust, then upon any agent of that corporation or trust upon whom process might have been served if if it were the defendant. The officer serving the process shall state the facts, upon whom served, etc., in his return; and service of process so made shall be as effectual as if a corporation of this state were sued, and the process has been served as required by law; but, in order that defendant corporation or trust may also have effectual notice, it shall be the duty of the clerk immediately to mail a copy of the process to the home office of the corporation or trust, by registered return-receipt letter, the postage and fees for which shall be taxed as other costs. The clerk shall file with the papers in the cause a certificate of the fact of such mailing, including the receipt for such' letter, if one, and make a minute thereof upon the docket, and no judgment shall be taken in the case until thirty days after the date of such mailing.''

We think it clear from the record in this cause that plaintiff did not invoke Section 8678 above quoted, since that section was not followed.

We are of the opinion that there was no error in the action of the learned trial judge in sustaining the plea in abatement and in dismissing the suit as to the defendant, Sales Affiliates, Inc.; that the service of process was not had upon any agent of said defendant upon whom process could be served so as to bring said defendant, a foreign corporation, into the jurisdiction of the courts of Tennessee. We are further of the opinion that no rule of estoppel could apply under the facts of this case, and the contention made by appellant that the defendant is judicially estopped does not find any support by any facts contained in the record.

It follows that the judgment of the lower court in sustaining the plea in abatement of the defendant, Sales Affiliates, Inc., is affirmed, and the assignments of error are overruled.

The cost of this appeal and the costs of the cause will be paid by appellant.

Anderson and Ketchum, JJ., concur.