ISREAL *v.* GUY *et al.*

(*Jackson,* April Term, 1949.)

Opinion filed June 10, 1949.

S. T. BEARE, Memphis, W. W. FARRIS, Memphis, for plaintiff in error.

C. A. STAINBACK, and, JOE N. COCKE, both of Somerville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents an action in tort for personal injury and unliquidated damages, brought by Isreal as

plaintiff, against Guy, the Sheriff of Fayette County, the American Surety Company, the surety on the Sheriff's bond, Alvin Bobbitt, a Constable of the County, and other defendants who are personal sureties on the Constable's bond. The defendants filed pleas to the declaration and on motion, the Circuit Judge dismissed the suit as to all the defendants except Alvin Bobbitt, and as to him, the case has been continued and is still pending in the Circuit Court.

The plaintiff perfected his appeal and has assigned error on the action of the Trial Judge in sustaining the motion to dismiss as to some of the defendants. The defendants who were dismissed, have filed motion to dismiss the appeal on the ground that it was attempted from an interlocutory order and is premature.

We think the motion to dismiss the appeal is valid and must be sustained under authority of *Gavin* v. *Shelby County et al.*, 172 Tenn. 696, 113 S. W. (2d) 1195; *Bruce* v. *Anz*, 173 Tenn. 50, 114 S. W. (2d) 789.

''It is, of course, well settled that an appeal as a matter of right lies only from a judgment which is final as to the party appealing. It is plain, also, that the application of Code, sec. 9038, authorizing discretionary appeals from interlocutory decrees, is limited to equity cases, and cannot be invoked in an action for tort. This appears on the face of this statute, and see *Payne* v. *Satterfield*, 114 Tenn. 58, 84 S. W. 800.

''Moreover, not even a discretionary appeal, otherwise authorized under section 9038, lies from a judgment or decree sustaining a demurrer and dismissing as to one or more of the defendants and leaving the case undisposed of in the trial court as to others. *Hunter* v. *Gardenhire*, 10 Lea 87, 78 Tenn. 87; *Lang* v. *Ingalls Zinc Co.*,

99 Tenn. 476, 42 S. W. 198; *Gibson's Suits in Chancery*, sec. 1265, subsec. 1; *Peters* v. *Neely*, 16 Lea 275, 84 Tenn. 275, 280.

"The rule is general that a judgment is not final which settles the case as to a part only of the defendants. 2 Am. Jur. p. 866; 80 A. L. R. 1192.

"In the instant case it is clear that the judgment plaintiff in error has appealed from did not dispose of his action against Anz, one of the defendants, and this judgment is, therefore, not a final disposition of the case." *Bruce* v. *Anz*, 173 Tenn. 50, 52, 114 S. W. (2d) 789.

The motions to dismiss the appeal are sustained and the appeal dismissed and the case remanded.

All concur.