YELLOW CAB COMPANY OF NASHVILLE, INC. v.
GREYHOUND CORPORATION, SOUTHEASTERN
GREYHOUND DIVISION and R. CLYDE PEWITT.
—316 S .W. (2d) 15.

Middle Section, Nashville. August 30, 1957.

On Petition to Rehear December 6, 1957.

See also 316 S. W. (2d) 17.

Manier, Crouch & White, Nashville, for Yellow Cab Co.

K. Harlan Dodson, Jr., Nashville, for Greyhound Corp.

Howard, Davis, Boult & Hunt and Lindsey Davis, Nashville, and King & Fuston, Chattanooga, for R. Clyde Pewitt.

I

SHRIVER, J. This cause is before us on a wayside bill of exceptions, the technical record, assignments of error on behalf of Yellow Cab Company of Nashville,

Inc., and motion to dismiss same, together with briefs and arguments of counsel.

The motion to dismiss is as follows:

"The defendant Greyhound Corporation, Southeastern Greyhound Division, moves the Court to dismiss the assignments of error filed against it in this cause for the reason that the plaintiff-in-error, a codefendant of this defendant in the Court below, has no right to appeal as to this defendant; the complaining defendant, the plaintiff-in-error here, not being aggrieved by the verdict in favor of Greyhound and the dismissal of Greyhound neither adding to nor lessening its liability."

No question was made by counsel as to the prematurity of this appeal and the consequent lack of jurisdiction to pass on the questions raised by the assignments. However, on examination of the record, we find that the case has not been finally disposed of in the Trial Court as to plaintiff-in-error, Yellow Cab Company, since the verdict and judgment were set aside and a new trial granted on its motion.

As was held in Bruce v. Anz, 173 Tenn. 50, 114 S. W. (2d) 789:

"An appeal as a matter of right lies only from judgment which is final as to the party appealing."

In said case it was also held:

"The application of statute authorizing discretionary appeals from interlocutory decrees is limited to equity cases and cannot be invoked in an action for tort. Code 1932, sec. 9038. * * *

"Generally, a judgment is not a 'final judgment' from which an appeal will lie, where it settles the case as to only part of the defendants."

It results that the appeal is dismissed at the cost of plaintiff-in-error.

Dismissed.

Felts and Hickerson, JJ., concur.

## On Petition To Rehear

SHRIVER, Judge.

■ As was said in Town of Dickson v. Stephens, 20 Tenn.App. 195, 96 S. W. (2d) 201, where the evidence and proceedings on successive trials of a case are preserved by separate bills of exceptions, the established practice is for the Appellate Courts to consider the record of each trial separately and in the order of time in which the trials occurred.

■ Error, if any, in overruling defendant's motion for a directed verdict at the close of all the evidence on the first trial, where there was a mistrial, or a new trial granted by the Court, is available to the defendant on appeal from a final judgment on a subsequent trial. Also see Caruthers History of a Lawsuit, 7th Ed., sec. 441.

■ The record before us when this appeal-in-error was argued and considered, did not show what, if any, disposition had been made of the case in the trial Court after the motion for a new trial had been granted as to the defendant Yellow Cab Co. Statements of counsel made in the course of argument will not suffice where the record fails to show facts essential to jurisdiction

even though the members of the Court have complete faith in the veracity of counsel.

Now that the record of the second trial and final judgment has been placed before us, it is ordered that the instant cause be set on the docket along with Yellow Cab Co. of Nashville, Inc., v. R. Clyde Pewitt, wherein final judgment for the plaintiff was entered against said defendant and an appeal-in-error perfected to this Court.

Disposition of this cause on the wayside bill of exceptions, assignments of error and briefs will be made before consideration and disposition of the assignments based on the final judgment.

Felts and Hickerson, JJ., concur.