**J. Polk SMARTT and Isabel Smartt,**
**Plaintiffs-Appellants,**

v.

**COCA–COLA BOTTLING CORPORA-**
**TION (Sued as Cincinnati Coca-Cola**
**Bottling Co.), Defendant-Appellee.**

**No. 15026.**

United States Court of Appeals
Sixth Circuit.

June 18, 1963.

Sizer Chambliss, Chattanooga, Tenn., John A. Chambliss, Chattanooga, Tenn., on brief; Chambliss, Chambliss & Hodge, Chattanooga, Tenn., of counsel, for appellants.

Robert T. Keeler, Cincinnati, Ohio, Taft, Stettinius & Hollister, David W. Matthews, Cincinnati, Ohio, Witt, Gaither, Abernathy, Caldwell & Wilson, by John P. Gaither, Chattanooga, Tenn., on brief, for appellee.

Before WEICK, Circuit Judge, and BOYD and THORNTON, District Judges.

BOYD, District Judge.

This is a suit for a declaratory judgment and injunction in which the plaintiffs seek to have their rights declared as to a proposed reorganization plan of the defendant corporation, and to enjoin the corporation from "adversely affecting the rights of the plaintiffs and all other holders of Class 'A' stock." Plaintiffs allege that defendant, seeking to serve the interest of Class "B" stockholders, sent notice to all stockholders of a proposed merger plan whereby Class "A" stock would be exchanged for debentures. This notice is alleged to have been misleading. There is further allegation of a failure to pay proper dividends, causing owners of Class "A" stock to believe the corporation would never be profitable. It is the plaintiffs' contention that such failure misled the majority of Class "A" stockholders into acquiescing in the merger plan. Plaintiffs' contention appears to be that this activity amounts to a breach of a fiduciary trust.

Plaintiffs first obtained service of process upon a stockbroker in Chattanooga, Tennessee. This was quashed pursuant to a finding by the District Court that the broker was not a proper person upon whom service could be had in order to acquire jurisdiction of the defendant corporation. Affidavit of the broker indicates that he only rendered advisory services in connection with the proposed change in the corporate stock structure and aided in soliciting approval of the change during stockholder meetings which were held in Chattanooga, Tennessee, and on other occasions.

Service of process was then had upon the Secretary of the State of Tennessee and upon one of the defendant's directors who resided in Tennessee. This District Court granted a motion to quash service in each of these instances and dismissed the complaint herein on the ground that the defendant was not doing business within the State of Tennessee in such a manner as to make it amenable to suit in said state.

In this connection, defendant submitted the affidavit of its president, which reflects that the corporation at no time made sales of its product in Tennessee, had obtained no license to do so in Tennessee, maintained no office in that state and none of its employees performed duties there.

Jurisdiction of the subject matter herein is based upon diversity and amount and is not in dispute. 28 U.S.C. 1332 (a) (1). However, the existence of personal jurisdiction over the defendant, a Delaware corporation whose principal place of business is in the State of Ohio, is in dispute. Our consideration of this appeal ends if we agree with the District Court that there exists no valid basis of power for the exercise of personal jurisdiction. There need be no review, in other words, of the sufficiency of service of process unless personal jurisdiction is established.

■ In diversity cases, the question of whether a foreign corporation is present in a state, so as to render it subject to suit in that state, is to be resolved by reference to the law of the state in which the Federal District Court sits. Dolce v. Atchison, Topeka & Santa Fe, 23 F.R.D. 240 (D.C.E.D.Mich.1959); Ketch v. Atlantic Coast Line Ry. Co., 51 F.Supp. 243 (D.C.E.D.Tenn.1943); Pulson v. American Rolling Mill Co. (1 Cir., 1948) 170 F.2d 193. This is in harmony with the broad pronouncements of Justice Brandeis in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

■ The Tennessee Code provides for the exercise of judicial power over a foreign corporation when such corporation is found to be "doing business" in Tennessee. See Tenn.Code Annotated 20–220 to the effect that any corporation found doing business in the state shall be subject to suit in Tennessee as relates to any cause of action arising there. This statute also provides that any corporation having any transaction through any agency acting for it within the state is "doing business." "Doing business" is the statutory standard to be applied in determining whether a foreign corporation is subject to suit in Tennessee.

It will be seen that the Tennessee courts have not given this statute the broad sweep that its language might suggest. We must ascertain the construction the Tennessee courts have given to this standard and determine whether the fact situation presented herein constitutes doing business in Tennessee so as to subject the defendant corporation to the jurisdiction of a District Court sitting in Tennessee.

The 1938 case of Denson v. Webb, 23 Tenn.App. 599, 136 S.W.2d 59, cert. denied 1939, states the then existing Tennessee law to be as follows:

"We think it too well settled to require the citation of authority that in order to subject a foreign corporation to a suit in this state, the foreign corporation must either be engaged in business in this state, or have an office or agents in this state who are the agents in the sense that

they are operating or conducting the business of the foreign corporation in this state."

In a more recent case, Fisher v. Trion, Inc., 49 Tenn.App. 182, 353 S.W.2d 406, cert. denied 1961, the Tennessee Court of Appeals reaffirmed the limited scope of the standard of "doing business":

"A foreign corporation is 'doing business within the state' when it transacts therein some substantial part of its ordinary business, and its operation within the state is continuous in character as distinguished from merely casual or occasional transactions."

But in other later cases in Tennessee there has been a tendency toward broadening the scope and application of the "doing business" concept. In the 1961 case of Tucker v. International Salt Co., 209 Tenn. 95, 349 S.W.2d 541, the Supreme Court of Tennessee recognized the Federal standard as set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, which permits the states to exercise jurisdiction over foreign corporations if there are certain minimal contacts that make it fair and reasonable to exercise judicial power. In the Tucker case, the court held that activities of the defendant corporation did not amount to anything more than mere solicitation, and therefore the corporation was not doing business so as to confer jurisdiction. The language of the court indicates that it has adopted the federal test used to establish presence of a foreign corporation in a state in order to confer jurisdiction, rather than the more limited and traditional construction of doing business.

Atchison, Topeka & Santa Fe v. Ortiz, Tenn.App., 361 S.W.2d 113, cert. denied 1962, further indicates expansion of the scope of "doing business." The Tennessee Court of Appeals therein gave careful consideration to all evidence in determining whether or not the corporation had "so activated itself" in the state

that it was subjected to the jurisdiction of its courts. The court then cites Napelbaum v. Atlantic Greyhound Corporation, D.C., 171 F.Supp. 547, in an attempt to broaden the application of the "doing business" standard as applied to cases in which the cause of action arises out of alleged activities of the corporation within the state:

" * * * The Supreme Court cases cited made it clear that where the cause of action arises out of the activities conducted within the forum no systematic and continuous course of conduct of a substantial nature is required. * * * International Shoe Co. v. Washington, supra, 326 U.S. [310] at page 318, 66 S.Ct. [154] at page 159 [90 L.Ed. 95]."

The Tennessee Courts are governed by the language of the Tennessee statutes and still refer to "doing business" as the test to be applied in determining whether or not a corporation is present within the state so as to make it subject to suit within the state. This test appears satisfied when the minimal contacts making it fair and reasonable to exercise judicial power are established. Tennessee is in step with the trend toward expanding the permissible scope of state jurisdiction over foreign corporations. Shuler v. Wood (E.D.Tenn.), 198 F.Supp. 801.

██ In an attempt to establish the sufficient contacts, plaintiffs have alleged in general language that the defendant was guilty of tortious conduct in its relationship with its stockholders. The requisite contacts which confer jurisdiction are readily found to exist if the foreign corporation appears to have committed or threatened some serious damage to person or property. The allegations of the plaintiffs indicate no actual or threatened property damage within the state of Tennessee and there is no Tennessee statute authorizing jurisdiction on this basis. It results that the alleged tortious conduct on the part of the defendant corporation does not, in and of

itself, afford a basis of jurisdiction under the Tennessee law.

There are charges in the complaint relating to an alleged violation of the Securities Exchange Act of 1934, Title 15 U.S.C.A. This feature of the case went unnoticed in the District Court. It was given no consideration by either the parties or the district Judge and merits none in this Court.

Upon review of the stipulated facts and the applicable law, the conclusion is inescapable on the jurisdictional question herein that the activities of this defendant in the State of Tennessee were insufficient to establish the minimal contacts required under Tennessee law. It follows that the defendant is not amenable to suit in the State of Tennessee and the judgment of the District Court is in all things affirmed.