H. N Harper and wife, Cledie B. Harper, *v.* Trenton Housing Authority.

Finis C. Harper and wife, Nell Harper, *v.* Trenton Housing Authority.

Joe W. Stockton and wife, Waneta Stockton, *v.* Trenton Housing Authority.

(*Jackson*, April Term, 1954.)

Opinion filed September 6, 1954.

ADAMS & ADAMS, of Humboldt, L. L. HARRELL, and JOHN C. NOWELL, JR., both of Trenton, for petitioners.

MALONE & LAWLER, and HOLMES & HOLMES, all of Trenton, for respondent.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Some months since, this Court dismissed without prejudice the petition for certiorari filed by landowners, Harpers and Stockton, and denied a petition to rehear. The two memos. in these actions were written for the Court by Justice Gailor. Due to the confusion which resulted from his unexpected death soon thereafter, this Court was not aware until quite recently that he had given petitioners for certiorari permission to file a second petition to rehear. These facts are stated in explanation of our delay in acting upon this second petition. A brief résumé of the situation presented by the record is appropriate.

The second petition to rehear raises the same questions as those previously raised. Because of Justice Gailor's illness and resulting death so soon thereafter we were not made aware of just what he had in mind in granting permission to file the second petition. Probably, he meant to again seek some legally permissible way for this Court to take jurisdiction in order to speed ultimate disposition.

Trenton Housing Authority, proceeding under the provisions of the Housing Authorities Law carried in the Code Supplement commencing at Section 3647.1, sought by eminent domain proceedings to acquire three contiguous lots belonging to these petitioners in order to provide safe and sanitary dwelling accommodations for low income persons of the Negro race. Each owner contends that the Housing Authorities Law does not vest the Trenton Housing Authority with the power of acquiring these three lots.

It was conceived that evidence was required to determine one of the two reasons assigned for this insistence of these landowners. After the taking of that evidence the Trial Court found and adjudged by order entered in February of 1953 that the Trenton Housing Authority does have "a right to take the designated property—and further orders that a writ of inquiry issue—to appoint a jury of view to assess the amount of compensation and damages for the taking of the subject property". Exceptions were made by the landowners, but their prayer for an appeal was denied. A wayside bill of exceptions is properly in the record:

Thereafter this validly ordered jury of view returned its report. The Trenton Housing Authority excepted thereto, and moved the appointment of a new jury. The Court entered an order in March disallowing the exceptions and motion, and then ordered the report of the jury "in all things confirmed," allowing an appeal to the next term of the Circuit Court "on the question of damage". It was then "ordered by the Court that the Trenton Housing Authority own and hold for the use of itself, its successors and assigns, the land set out and described in the report of the jury of view, provided the petitioners will give bond with good security, to be approved by the Clerk, in double the amount of the assessment of the jury of inquest, payable to the defendants, and conditioned to abide by and perform the final judgment in the premises". The Trenton Housing Authority filed the required bonds.

By some inadvertence this March order was entered without the consent or knowledge of the landowners. Moreover, it is void, and now so conceded, because it was entered out of term time after the Court had adjourned in course.

The landowners, upon becoming aware of this inadvertently entered void order in March, promptly addressed to the Court of Appeals its petition for certiorari and supersedeas. By their assignments of error there, they not only attacked, and sought the holding of the Court of Appeals upon, the order entered in March as being void, but likewise attacked the holding of the Court in the validly entered February order to the effect that the Trenton Housing Authority has "a right to take the designated property".

The Court of Appeals sustained the insistence that the March order was void. It rejected the insistence that the Trenton Housing Authority was without power to take the designated property, and held to the contrary.

By its petition for certiorari to this Court these landowners seek to have this Court hold that the Trenton Housing Authority is without power to take these lots for its residence building project. This Court in two memos. written for the Court by Justice Gailor refused to take jurisdiction because there had been no final judgment in the Trial Court permitting the taking of this property by the Trenton Housing Authority.

The insistence of these landowners is that there has been a final judgment on this question in the Circuit Court. Therefore, that unless we take jurisdiction and overrule the holding of the Court of Appeals as to the legal right of the Housing Authority to condemn these lands, then it will be precluded "from having the Supreme Court review the action of the Court of Appeals on the question of the right to take". It should here be observed that this Court in order to preserve the opportunity for such hearing to the landowners, when appropriate, dismissed without prejudice the petition for certiorari in lieu of denying the petition. These landowners

262

in support of the insistence made rely in this second petition to rehear, as they always have, on *Tennessee Central R. Co. v. Campbell*, 109 Tenn. 640, 75 S. W. 1012, 1014.

■ *Tennessee Central R. Co. v. Campbell,* supra, reiterates the generally accepted rule that eminent domain proceedings embrace two questions. The first of these is as to the legal right of the condemnor to take the lands sought to be acquired by condemnation proceedings. The second is as to the amount of damages to which the landowner is entitled, provided the right to take is held to exist. When there has been finally adjudicated the question as to the right of the condemnor to take the land in question, the party adversely affected by such adjudication is entitled to a review of such adjudication by the Appellate Courts. And further proceedings with reference to the ascertainment of damages are suspended pending the determination by the Appellate Court of that question.

It is said by the landowners in this case that *Tennessee Central R. Co. v. Campbell,* supra, goes further and adjudicates the time when the judgment of the lower court becomes final so as to permit an appeal upon the question of the right to condemn, and that the consolidated cases at bar fall within that adjudication. This position is predicated upon the premises that the jury of view has made its report and the Trenton Housing Authority has filed its bond to secure payment of whatever amount may be awarded by the jury on appeal to the Circuit Court.

In Tennessee Central R. Co. v. Campbell, the jury of view had not filed its report and no bond had been filed by the condemnor. In that situation it was held that there was no final adjudication of the right to take. In so holding the Court did say that when "the case reaches the stage where the petitioner can give bond and

*take possession* of the portion of the premises set apart in the report of the commissioners, and file such bond," (italics ours) then there is a final adjudication of the right to take, whereby a review of the question by the Appellate Court may be had.

The eminent domain statutes applicable here do not contemplate that the condemnor has the right to take possession until the report of the jury has been confirmed as to the appropriation of the land and the land so set apart in such report "decreed to the petitioner". See Code Section 3124 and read *Cunningham* v. *Memphis R. Terminal Co.*, 126 Tenn. 343, 356-357, 149 S. W. 103. In the instant case the report of the jury of view has not been confirmed because the March order purporting to do that is void. Title has never been divested out of the owners, and vested in the Trenton Housing Authority; hence no final adjudication.

There is another approach to the solution of the question which conclusively establishes it to be a fact that there has been no final adjudication in the Trial Court as to the right of the Housing Authority to take these lots by eminent domain. The only valid adjudication upon the point is the February order to the effect that the Trenton Housing Authority has "a right to take the designated property". The mere right to take cannot amount to the vesting of title to these lots in the Housing Authority. Yet, the last sentence of Code Section 3130 provides that:—"'At any time prior to the vesting of title to property in the housing authority, said authority may withdraw or dismiss its petition with respect to any and all of the property therein described."

██ The fact which has made this case, in so far as the Appellate Courts are concerned, unique and quite confusing is that the Court of Appeals has inadvertently

purported to decide a controlling question which has not been finally adjudicated in the Trial Court. And, having adjudicated that question contrary to the insistence of these landowners, this Court is asked to take jurisdiction for the purpose of reviewing the decision of the Court of Appeals as to a question which the Court of Appeals had no jurisdiction to determine. This is because ''it is a well-settled rule, save where changed by statute, that questions arising in a course of legal proceedings cannot be reviewed in an appellate court until a final decision in the cause has been rendered below.'' *Payne* v. *Satterfield,* 114 Tenn. 58, 60, 84 S. W. 800. Jurisdiction of the subject matter cannot be conferred by consent.

The anomalous situation just stated has caused the landowners to fear that unless this Court takes jurisdiction on their petition for certiorari they will be precluded ''from having the Supreme Court review the action of the Court of Appeals on the question of the right to take.'' The landowners made the mistake of asking the Court of Appeals to decide this question which was not legally before the Court.

Since the Court of Appeals was without authority to adjudicate that question on this petition to it for certiorari it follows that, should the question again reach that Court, its action in previously passing upon it will ''be disregarded as ill-advised and without effect.'' Read *Cockrill* v. *People's Savings Bank,* 155 Tenn. 342, 346, 293 S. W. 996, 997. This is why in the opinion written for the Court by Justice Gailor the landowners' petition to this Court for certiorari was dismissed without prejudice rather than denied.

█ Because the public interest is to some extent at stake in this matter, and because of the unusually long delay in the proceedings, this Court would prefer to now

decide the questions which we recognize that the land-owners may again bring here after a final adjudication as to the right of the Trenton Housing Authority to take this land. However, we cannot, for the sake of expediency, take a jurisdiction not conferred on us. Nor may we take jurisdiction on the ground that the Trial Court's February judgment was final in fact, though not in form, as in *Mengle Box Co.* v. *Lauderdale County,* 144 Tenn. 266, 230 S. W. 963, for, in the case at bar the judgment is not final either on its face or in fact.

The petition to rehear must be denied.

SWEPSTON, Justice, not participating.