IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned December 15, 2000

## MARY F. HALL, ET AL. v. MARY ROSE PIPPIN, ET AL.

**Chancery Court for Putnam County**
**No. 93-731    Vernon Neal, Chancellor**

_____

**No. M2001-00387-COA-OT-CV - Filed February 28, 2001**

_____

This is an original contempt proceeding filed by the appellants against the Clerk and Master of the Chancery Court for Putnam County in a now-concluded appeal. The appellants assert that the clerk and master knowingly and willfully violated our September 3, 1998 order directing her to file a supplemental record containing seven exhibits that had not been previously transmitted to this court.[1] We have determined that we no longer have jurisdiction to consider the contempt motion because it was not filed until after our jurisdiction over the appeal had ended.

**Tenn. Code Ann. § 16-1-103 (1994) Petition for Contempt; Petition Dismissed**

WILLIAM C. KOCH, JR., J. delivered the opinion of the court in which BEN H. CANTRELL, P.J., M.S., joined.

Mary Rose Pippin and Dale Delaney, Baxter, Tennessee, pro se.

## OPINION

This litigation stems from a dispute between neighbors regarding the use of an old rural road in Putnam County. After Mary Rose Pippin started to build a fence across the road, her neighbors, Mary Hall and Don Hall, filed suit against Ms. Pippin and her son, Dale Delaney, in the Chancery Court for Putnam County. The Halls sought declaratory and injunctive relief with regard to their right to continue to use the road to gain access to their property. When the trial court granted the Halls an easement over the portion of Ms. Pippin's property where the old road ran, Ms. Pippin and Mr. Delaney appealed to this court.

After Ms. Pippin and Mr. Delaney filed their notice of appeal, the Clerk and Master of the Chancery Court for Putnam County began preparing the appellate record in accordance with Tenn. R. App. P. 24-26. In accordance with Tenn. R. App. P. 25(b), she informed the lawyers representing

---

[1] The motion and documents currently on file with this court are sufficient to address the petition for contempt. Accordingly, pursuant to Tenn. R. App. P. 2, we hereby waive the requirement of preparing and transmitting a record of the proceedings in the trial court. We also waive the requirement of briefs or responses by the Halls or the Clerk and Master of the Chancery Court for Putnam County.

the parties that she was not including with the record a number of exhibits. Even though the lawyer representing Ms. Pippin and Mr. Delaney knew that these exhibits were not part of the record that would be filed with this court, he did not request that these exhibits be included in the original record or in a supplemental record. All parties' briefs and arguments focused on the evidence contained in the record originally filed with this court. Therefore, this court's opinion affirming the trial court, first filed on August 19, 1998, was based on the record originally filed with this court.

Following the entry of our August 19, 1998 opinion, Ms. Pippin and Mr. Delaney retained another lawyer who filed a Tenn. R. App. P. 39 petition for rehearing complaining that we had not considered seven exhibits that had never been transmitted to us. The lawyer argued that these exhibits would tip the evidentiary scales in Ms. Pippin's and Mr. Delaney's favor. On September 3, 1998, we filed an order directing the clerk and master to transmit a supplemental record to this court containing the seven exhibits specifically identified in the petition for rehearing. The clerk and master duly prepared and transmitted a supplemental record to this court containing the seven exhibits identified in our order.

On September 23, 1998, after permitting the parties to file additional arguments based on the seven exhibits, we granted the petition for rehearing and issued a revised opinion.[2] We concluded that the seven exhibits were only marginally pertinent to the issues in the case and again affirmed the trial court's decision to grant the Halls an easement over the portion of Ms. Pippin's property where the old road ran. Ms. Pippin and Mr. Delaney applied to the Tennessee Supreme Court for permission to appeal. On January 25, 1999, the Tennessee Supreme Court declined to consider the case, and a mandate from this court was issued on February 8, 1999. The mandate provided that the case was remanded to the trial court for "whatever further proceedings may be required."

Once the case returned to the trial court, Ms. Pippin and Mr. Delaney filed two motions seeking Tenn. R. Civ. P. 60 relief from the judgment, as well as a motion requesting the trial judge to recuse himself from further consideration of the case because of an alleged conflict of interest. The trial judge declined to recuse himself and denied both motions requesting Tenn. R. Civ. P. 60 relief. Ms. Pippin and Mr. Delaney have perfected an appeal from the trial court's denial of their motions, and this appeal, now in its briefing stage, is currently pending before this court. *Hall v. Pippin*, No. M2000-01151-COA-R3-CV.

On December 15, 2000, Ms. Pippin and Mr. Delaney filed an original motion in this court requesting us to hold the clerk and master in contempt for willfully failing to transmit to this court all exhibits in her possession that had been introduced at the original trial of their case. Ms. Pippin and Mr. Delaney specifically identified two exhibits that had been introduced at trial but had never been transmitted to this court as part of the original record or the supplemental record.[3] They assert that the clerk and master's failure to transmit these exhibits amounts to "fraud" and that this court

---

[2]*Hall v. Pippin*, 984 S.W.2d 617 (Tenn. Ct. App. 1998).

[3]The first exhibit was a collective exhibit designated as "6-P.H." that included twelve documents. This exhibit had been introduced at an earlier hearing and re-introduced at trial. The second exhibit, designated as "Ex. No. 32" was an affidavit of a former Putnam County road commissioner that had apparently been introduced to impeach his testimony.

should set aside the judgment and "order a new trial on all issues in front of a competent judicial authority with a clerk who is competent in her duties, in the interest of justice."

## I.
### CONTEMPT JURISDICTION IN THIS CASE

The Tennessee Court of Appeals clearly has the authority to use contempt to compel obedience with its judgments, orders, and process. Tenn. Code Ann. §§ 16-1-102, -103 (1994). Rather than being inconsistent with the statutory limitation on our jurisdiction to appellate matters,[4] our power to punish contemptuous acts is necessary to enable us to exercise our jurisdiction to its fullest. *Chesnut v. McBride*, 65 Tenn. (6 Baxt.) 95, 96 (1873) (stating that an appellate court has incidental jurisdiction as necessary to consummate its decrees and judgments). When one of our orders has been willfully violated, we are the only court with jurisdiction to impose contempt sanctions. *Mahew v. Mahew*, 52 Tenn. App. 459, 469, 376 S.W.2d 324, 328-29 (1963) (holding that the court against which the contempt is committed is the only court with jurisdiction over the contempt issue).

Before a court can bring its contempt power to bear, it must first have subject matter jurisdiction over the case in which the contemptuous acts occur. The parties cannot confer subject matter jurisdiction on an appellate court. *Harper v. Trenton Hous. Auth.*, 197 Tenn. 257, 264, 271 S.W.2d 185, 188 (1954); *James v. Kennedy*, 174 Tenn. 591, 595, 129 S.W.2d 215, 216 (1939). Subject matter jurisdiction is derived solely from the Constitution of Tennessee or act of the Tennessee General Assembly. *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). We cannot, for the sake of expediency, assume jurisdiction that has not been conferred on us. *Knox County v. Burroughs*, 212 Tenn. 322, 327, 369 S.W.2d 734, 736 (1963). Thus, the fact that Ms. Pippin and Mr. Delaney have filed a motion for contempt does not necessarily confer jurisdiction on us to impose contempt sanctions.

As an appellate court, our jurisdiction over a case exists only as long as an appeal is pending before us. As a general matter, our jurisdiction attaches with the filing of a notice of appeal and ends when our mandate issues. *Raht v. Southern Ry. Co.*, 215 Tenn. 485, 498, 387 S.W.2d 781, 787 (1965); *Sanders v. Loyd*, 51 Tenn. App. 49, 54-55, 364 S.W.2d 369, 371 (1960) (stating that the issuance of a mandate by an appellate court reinvests the trial court with jurisdiction over a case). Thus, except for circumstances involving the failure to comply with our mandate, our jurisdiction over a case ends, and the trial court's jurisdiction resumes, when our mandate is issued.

We issued our mandate in the first *Hall v. Pippin* appeal on February 8, 1999. At that point, our jurisdiction ended, and that of the trial court was reinstated. By the time Ms. Pippin and Mr. Delaney filed their petition for contempt on December 15, 2000, we had long since lost jurisdiction over the case. Because Ms. Pippin and Mr. Delaney delayed almost two years in filing their contempt petition, we conclude that their petition was filed too late.

---

[4] Tenn. Code Ann. § 16-4-108(a)(1) (1994).

## II.
### THE CLERK AND MASTER'S CONDUCT

Were we to consider the substance of Ms. Pippin's and Mr. Delaney's contempt motion, we would conclude that they have failed to present any evidence that the clerk and master willfully disobeyed an order of this court. The clerk and master was never under a legal compulsion to send Exhibit Nos. 6-P.H. or 32 to this court.

Ms. Pippin and Mr. Delaney fail to understand that the Tennessee Rules of Appellate Procedure do not envision that all papers filed in the trial court will automatically be transmitted to the appellate court. Tenn. R. App. P. 24(a) describes the papers that are presumptively not to be included in an appellate record. In addition, Tenn. R. App. P. 24(a) and Tenn. Ct. App. R. 14 encourage and permit the parties to abridge the appellate record and to include in an appellate record only those papers related to the issues to be considered on appeal. Tenn. R. App. P. 25(b) also permits trial court clerks to retain unusually bulky exhibits rather then sending them along to the appellate court.

The clerk and master informed the lawyers representing Ms. Pippin and Mr. Delaney that her office was not including in the appellate record all the exhibits filed in the trial court. Even though they could have requested that these exhibits be included in the appellate record, the lawyers made a tactical decision not to request that these exhibits be filed, apparently reasoning that they did not materially help their case on appeal.[5] When we first decided the case, it was evident that we were working with less than a complete record. However, we saw nothing remarkable about this because considering an appeal with less than a full record is commonplace in this day and time.

After we issued our first opinion in this case, Ms. Pippin's and Mr. Delaney's new lawyer complained that we should have considered seven of the exhibits that had not been originally transmitted to this court. Despite the fact that his co-counsel had known all along that these seven exhibits had not been included in the appellate record, he insisted that we should obtain these exhibits and revisit the case. We agreed and entered an order on September 3, 1998, directing the clerk and master to send us a supplemental record containing the seven exhibits listed in the petition for rehearing. The clerk and master complied and sent us the seven exhibits we requested. Thus, the only conclusion we can reach is that the clerk and master complied precisely with our September 3, 1998 order.

Neither Ms. Pippin, Mr. Delaney, nor any of their lawyers ever requested the clerk and master or this court to include Exhibit Nos. 6-P.H. and 32 in the appellate record. Had they done so in a timely manner, their request would have been honored, and these exhibits would have been made part of the appellate record in accordance with Tenn. R. App. P. 24(e). Because of their silence, Ms. Pippin, Mr. Delaney, and their lawyers are solely responsible for the absence of these two exhibits from the record. We find no basis for attributing the absence of these exhibits to an oversight or willful act of the clerk and master.

---

[5] Based on our former review of the evidence, we concur with the lawyers' assessment that these exhibits were of little value on appeal.

**III.**

We deny the motion to hold the clerk and master in contempt. We also tax the costs of this proceeding jointly and severally to Mary Rose Pippin and Dale Delaney for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE