**BRANDEIS MACHINERY & SUPPLY COMPANY, Inc., Plaintiff,**

v.

**MATEWAN ALMA FUEL CORPORATION, Defendant.**

**No. 456.**

United States District Court
E. D. Kentucky, Pikeville Division.
Jan. 7, 1957.

Wine & Venters, Pikeville, for plaintiff.

Baird & Hays, Pikeville, for defendant.

SWINFORD, District Judge.

The record is before the court on the defendant's motion to dismiss the complaint for lack of jurisdiction and to quash the return on the summons.

The single question for determination is whether or not the defendant at the time of service of process was doing business within the State of Kentucky so as to make it amenable to service of process on the Secretary of State of Kentucky under Section 271.610, subsection (2), KRS.

The defendant contends that it is not subject to the jurisdiction of this court as it is a West Virginia corporation, not licensed to do business in the State of Kentucky; that it was not at the time of service of process nor has it ever done business in this state. In support of its motion it files the affidavit of C. H. Bingham, its secretary and treasurer, and the individual on whom the process was served in the State of Kentucky. The affidavit sets forth the position above stated.

The plaintiff, in opposition to the affidavit of C. H. Bingham and in order to sustain the jurisdiction of this court, took the deposition of C. H. Bingham pursuant to the provisions of Rule 26, Rules of Civil Procedure, 28 U.S.C.A., to be used as evidence in behalf of the plaintiff on the defendant's motion to dismiss the complaint.

The record establishes the fact that the defendant is a coal producing corporation whose activities are limited to the production of coal in West Virginia near the Kentucky-West Virginia boundary line. Its stockholders live in the State of Kentucky. It has a bank account in the State of Kentucky. On occasions its stockholders meet informally in Kentucky and discuss matters of business of the corporation. The written contract which is the basis of this action and which was entered into on February 8, 1956, recites on its face that the Matewan-Alma Fuel Corp. of "Pikeville, Kentucky", was the party of the second part. This contract, according to the testimony of Mr. Bingham, was signed by him in Matewan, West Virginia, where the principal office of the defendant was located. The record discloses no other fact indicating any activity or business action in the State of Kentucky.

The term "doing business" has been the subject of much discussion in opinions of courts and so variously applied that at one time it seemed authority could be found for any position a court took on a given state of facts. This fluid and unsatisfactory state of the law became somewhat crystallized in the case of

International Shoe Co. v. State of Washington, Office of Unemployment Compensation, 326 U.S. 310, 66 S.Ct. 154, 159, 90 L.Ed. 95, decided in December 1945. This case supersedes all other pronouncements of the federal courts on the question. The language of the court in its discussion is a positive directive to sustain the motion to dismiss the case at bar for want of jurisdiction.

It is a basic principle of justice and fair play that the jurisdiction of a court to render a judgment in personam is limited and dependent upon the presence of the defendant within the territorial jurisdiction of the court. This principle was established in *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565.

The defendant must therefore be present within the jurisdiction of the court and that "presence", as said by the Supreme Court in International Shoe Co. v. State of Washington, supra, must be more than the casual presence of a corporate agent or his conduct of isolated items of activity in the state in the corporation's behalf. In support of that statement the opinion lists numerous authorities, one of which is *Frene v. Louisville Cement Co.*, 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926. In the opinion in the Frene case it is stated that the fundamental underlying principle of the "doing business" concept is the maintenance within the jurisdiction of a regular course of business activities.

In my judgment there is nothing in the record in the instant case that remotely suggests that the defendant was doing business in the State of Kentucky. If its "presence" in the state is the key to the situation as the Supreme Court has indicated, that presence must be judged by positive activity in furtherance of its business.

A person or corporate entity has a right to defend itself at home. Justice, to those dealing with the corporation, has demanded that this rule be modified where the corporation has gone into a foreign jurisdiction in furtherance of its business and engaged in activities with residents and citizens of the foreign jurisdiction, but to require the defendant to defend this action away from its home where its office is located and where it carries on its activities is to deny to it a fundamental right and to lay upon it a great and unreasonable burden.

The court is without jurisdiction of the defendant corporation and the motion to dismiss should be sustained. An order to that effect is this day entered.