**FIELD ENTERPRISES EDUCATIONAL CORPORATION, Appellant,**

v.

**Louise HOPKINS, Appellee.**

Court of Appeals of Kentucky.

May 8, 1964.

Farland Robbins, Mayfield, for appellant.

Sam Boyd Neely, L. M. T. Reed, Neely & Reed, Mayfield, Charles A. Williams, Paducah, for appellee.

CLAY, Commissioner.

Appellee plaintiff recovered $2500 damages for the alleged wrongful acts of appellant defendant's agent who entered her home and removed certain files and sales material belonging to her. Defendant's brief sets forth eight grounds for reversal, and its "Argument" on all of these points consists of exactly one typewritten page.

■ Process was served on defendant, a foreign corporation, under KRS 271.610 (2). It is contended the corporation was not subject to suit in Kentucky because it was not doing business in this state. Defendant's own affidavit shows that it not only employed salesmen in this state but had a "division manager" who maintained an office in Louisville. The corporation was doing business in Kentucky. See Star Elkhorn Coal Co. v. Red Ash Pocahontas Coal Co., D.C., 102 F.Supp. 258; International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057.

■ Defendant contends the complaint did not allege that defendant's agent was acting within the scope of his authority. This is implicit in the allegation that defendant "by and through its agent" committed the alleged wrongful acts. In any event, the proof established the fact.

■ It is suggested the acts of defendant's agent were criminal in nature, for which the corporation could not be responsible. Assuming the acts may be characterized as crimes, they were also torts, for

which the corporation could be civilly liable.

Defendant contends the damages were excessive, but we do not find them so under the pleading and proof.

Other contentions are made which are unsupported by explanation or argument and in which we find no merit.

The judgment is affirmed.