J. Polk SMARTT and Isabel Smartt, Plaintiffs,

v.

COCA–COLA BOTTLING CORPORATION, Defendant-Appellee,

M. S. Chambliss and C. L. Gibson, Intervening Plaintiffs-Appellants.

No. 15690.

United States Court of Appeals Sixth Circuit.

Oct. 28, 1964.

Sizer Chambliss, Chattanooga, Tenn., John A. Chambliss, Chambliss, Chambliss & Hodge, Chattanooga, Tenn., on brief, for plaintiffs-appellants.

Robert T. Keeler, Cincinnati, Ohio, Taft, Stettinius & Hollister, Cincinnati, Ohio, David W. Matthews, Cincinnati, Ohio, on brief; John P. Gaither, John T. Henniss, Witt, Gaither, Abernathy, Caldwell & Wilson, Chattanooga, Tenn., of counsel, for defendant-appellee.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and McCREE, District Judge.

PER CURIAM.

■ This appeal was brought by two intervening plaintiffs when the original plaintiffs in this class action declined to prosecute the appeal. The intervening plaintiffs appear to have identical interests with the original plaintiffs and questions of fact and law in common. Although no formal order granting intervening plaintiffs' motion to intervene was ever entered, plaintiffs appear to have been proper parties for such intervention (Fed.R.Civ.P. 24(a) (2) and 24(b)).[1]

Further, in considering and deciding intervening plaintiffs' motion to reconsider the order quashing service, the court below apparently treated them as parties. Under these circumstances we will regard the District Judge's action as an implied grant of leave to intervene, and hence deny the motion to dismiss the appeal.

The appeal sought is from the dismissal of the above-styled action. The jurisdictional issues in this litigation were previously passed on by this court in another appeal. Smartt v. Coca-Cola Bottling Corp., 318 F.2d 447 (C.A.6, 1963).

■ The District Judge who granted the motion to dismiss (dealing with a statute newly cited by plaintiffs in the instant case) held:

"* * * Section 48–923 T.C.A. requires 'doing business' in this state by a foreign corporation to sustain

1. "Rule 24. INTERVENTION

"(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action:

\* \* \* \* \*

"(2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action;

\* \* \* \* \*

"(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(a) (2) and 24(b).

substituted service of process on the foreign corporation, this issue was fully dealt with in the former action between the same parties, with the finding of this Court to the effect that the defendant was not doing business in Tennessee so as to be subject to service of process in this state being sustained by the Court of Appeals in the case of Smartt vs. Coca-Cola Bottling Corporation, 318 F.2d 447. Uncontroverted affidavits as well as the deposition of the plaintiff establish that no new facts have developed with respect to the defendant's doing business in Tennessee since the dismissal of the former action.

"The Court is accordingly of the opinion that * * * the defendant's motion to quash the service of process herein and dismiss this suit for lack of jurisdiction over the defendant should be sustained."

On consideration of the briefs and oral argument this court finds that the District Judge was correct.

Affirmed.