414 F.2d 256
 Fed. Sec. L. Rep. P 92,531
M. S. CHAMBLISS, Appellant,
v.
COCA-COLA BOTTLING COMPANY, William O. Mashburn, Jr. and
Goldman, Sachs& Company, Appellees.
J. Polk SMARTT and Isabel Smartt, Appellants,
v.
COCA-COLA BOTTLING COMPANY, Appellee.
 Nos. 19081, 19082.
 United States Court of Appeals Sixth Circuit.
 July 24, 1969.
 
 Jac Chambliss, Chattanooga, Tenn., Chambliss, Hodge, Bahner & Crawford, Chattanooga, Tenn., of counsel, for appellants in Case No. 19,082.
 Robert T. Keeler, Cincinnati, Ohio, Taft, Stettinius & Hollister, David W. Matthews, Cincinnati, Ohio, on brief; John P. Gaither, John T. Henniss, Witt, Gaither, Abernathy & Wilson, Chattanooga, Tenn., of counsel, for appellee.
 Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.
 PER CURIAM.
 
 
 1
 These are two separate appeals arising from cases filed against the same defendant by different plaintiffs on different theories, both of which really seek to gain a new trial of a corporate stockholder dispute which has been decided twice before by this Court.
 
 
 2
 The prior appeals were Smartt v. Coca-Cola Bottling Corp., 318 F.2d 447 (6th Cir.), and Smartt v. Coca-Cola Bottling Corp., 337 F.2d 950 (6th Cir.), cert. denied, Chambliss v. Coca Cola Bottling Corp., 380 U.S. 934, 85 S.Ct. 941, 13 L.Ed.2d 822.
 
 
 3
 The underlying dispute, which has never been reached in the courts on the merits and is not reached in the present cases, concerns a recapitalization in 1960 of the defendant, an Ohio corporation, which resulted, among other things, in the conversion into debentures of a certain class of stock which plaintiffs-appellants assert to be equity stock. Plaintiffs-appellants claim to represent a group of dissident stockholders who made vigorous objection to this change.
 
 
 4
 The earlier decisions of this Court cited above dealt with the question of whether plaintiffs were able to effect service under Tennessee statutes which would give the United States District Court for the Eastern District of Tennessee jurisdiction over defendant, an Ohio corporation. In both cases the District Court held that the defendant corporation did not do business in Tennessee and was not subject to the jurisdiction of the Court. This Court affirmed in both cases. The record does not reveal why plaintiffs-appellants have failed to file this litigation in the Southern District of Ohio, where jurisdiction over defendant could have been obtained and the issues could have been adjudicated on their merits.
 
 
 5
 In case No. 19,081 the plaintiffs-appellants sought to relitigate their objections to the conversion plan by obtaining jurisdiction over the defendant in the District Court under the provisions of the Securities Act of 1933 (15 U.S.C. 77v) or the Securities Exchange Act of 1934 (15 U.S.C. 78aa) or both. The District Court held that the limitation periods of both Acts barred the actions and dismissed the case, 274 F.Supp. 401. We affirm.
 
 
 6
 In case No. 19,082 the District Judge granted a motion requiring plaintiffs to file a security bond for costs and attorneys fees. In response to the Court's order plaintiffs filed a bond of $500. In view of the previous history of this litigation and related litigation, the District Court was of the opinion that this bond was insufficient and otherwise failed to comply with its earlier order. Failure to file the proper cost bond was made grounds for dismissal in an earlier order. We find no abuse of discretion by the District Court in dismissing the action and accordingly affirm the judgment in case No. 19,082.
 
 
 7
 In case No. 19,081 plaintiffs-appellants have filed a motion to complete the record on appeal. They complain of a memorandum opinion rendered by the District Judge after filing of the notice of appeal, assessing $9,000 in attorneys fees against plaintiffs-appellants. No order or judgment appears to have been entered effecting this memorandum. This Court would not be inclined on the record now before us to approve such an assessment of attorneys fees against plaintiffs-appellants, but we expressly refrain from passing on this question because an appealable order or judgment is not before us. We reserve a decision on this issue. The motion of plaintiffs-appellants to complete the record on appeal is overruled.
 
 
 8
 The judgments of the District Court in both cases are affirmed.