**70**

Roy L. GINTER, Plaintiff,

v.

James STRICKLAND, Defendant.

No. C–3–80–200.

United States District Court,
S. D. Ohio, W. D.

Jan. 19, 1981.

Richard M. Hunt, Dayton, Ohio, for plaintiff.

Richard G. Snell, Dayton, Ohio, for defendant.

## DECISION AND ENTRY DEFERRING DECISION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF COURT'S IN PERSONAM JURISDICTION

RICE, District Judge.

This matter is before the Court on the defendant's motion to dismiss the Complaint on the ground that service of summons on the defendant in the State of Colorado is not authorized under Rule 4(f), Fed.R.Civ.Pro. Although not specifically stated, this motion is presumably made pursuant to Rule 12(b)(2), seeking dismissal for lack of this Court's jurisdiction over the person of the defendant.

### FACTS

The plaintiff, Roy L. Ginter, is a citizen of the State of Ohio. The Complaint sets forth that the defendant is a citizen of the State of Colorado. (para. 1). It is undisputed that this matter is before the Court pursuant to its diversity jurisdiction.

This is an action for libel and slander arising out of written and verbal statements allegedly made by the defendant to agents of Defense Investigative Services on three separate occasions, to wit: August 16, 1977, May 22, 1979, and June 11, 1979. (para. 2). The plaintiff alleges that the statements made by the defendant are "untrue, false and defamatory and were made to the detriment of the plaintiff." (para. 3).

Plaintiff alleges further that, prior to the defendant's having made these statements, plaintiff was employed at Wright-Patterson Air Force Base with a top security clearance and access to Special Compartmental Information (S.C.I.). (para. 4). He alleges that by reason of the statements, he was denied S.C.I. access and was suspended from his usual work area from December, 1977 through January, 1980. (para. 5).

Plaintiff claims that as a direct and proximate result of said statements, he has been injured in his credit and reputation, and has suffered pain and mental anguish, requiring psychiatric attention. He, therefore, seeks $16,000 in compensatory damages and $250,000 in punitive damages from the defendant.

This action was filed on May 21, 1980. A summons was issued for service upon the defendant in the State of Colorado by John D. Lyter, the Clerk of Court for the United States District Court for the Southern District of Ohio. The issue before the Court is whether service of process as described above satisfies Rule 4(f), Fed.R.Civ.Pro.; thus, giving this Court jurisdiction over the person of the defendant.

### DISCUSSION

In support of his motion to dismiss, the defendant places sole reliance on Rule 4(f), which provides in pertinent part:

"All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state."

It is the defendant's position that because he was served with summons in the State of Colorado, rather than within the territorial limits of the State of Ohio, service of summons was improper.

This Court disagrees with the defendant's underlying assertion that the mere fact that he was served beyond the territorial limits of the State of Ohio renders service improper. Rule 4(f) is not an absolute prohibition against service beyond the state in which the district court is held. The limitation does not apply when service beyond the territorial limits is authorized by a "statute of the United States or by these rules . . . ."

Rule 4(e), Fed.R.Civ.Pro., authorizes extraterritorial service:

"Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state ... service may ... be made clear under the circumstances and in the manner prescribed in the statute or rule."

■ Reading Rule 4(f) in conjunction with Rule 4(e), it is apparent that the limitation against extraterritorial service does not apply, if there is a state statute or rule which provides for service upon a party not an inhabitant of the state, as long as service is made in a manner that comports with that state statute or rule.

The propriety of referring to the law of the State of Ohio, in this case, to test the validity of service, finds further support in *In-Flight Services Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220, 224 (6th Cir. 1972), wherein the Sixth Circuit stated:

"It is well settled law in this Circuit that a federal court sitting on a diversity matter must look to the law of the forum to determine the extent of its in personam jurisdiction. *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 376 n. 2 (6th Cir. 1968); *Velandra v. Regie Nationale Des Usines Renault,* 336 F.2d 292 (6th Cir. 1964); *Smartt v. Coca-Cola Bottling Corp.,* 318 F.2d 447 (6th Cir. 1963)." (footnote omitted).

■ Thus, Rule 4(f) is not dispositive of the defendant's challenge to the service of summons; rather, the question which the Court must consider is whether that service comports with the statutes or rules of the State of Ohio, that is, the law of the forum in this diversity action.

The Ohio statutory provision governing personal jurisdiction is found at Ohio Rev. Code, section 2307.382. This section, known as the Long Arm Statute, provides:

[§ 2307.38.2] § 2307.382 Personal jurisdiction.

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the persons's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Rule 4.3, Ohio R.Civ.Pro., sets forth the circumstances under which out-of-state service may be made.

(A) *When service permitted.* Service of process may be made outside of this state, as provided herein, in any action in this state, upon a person who at the time of service of process is a nonresident of this state who is absent from this state. The term "person" includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state including but not limited to actions arising out of the ownership, operation or use of a motor vehicle or aircraft in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Having an interest in, using, or possessing real property in this state;

(7) Contracting to insure any person, property, or risk located within this state at the time of contracting;

(8) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state.

■ Unless a court orders that a person be personally served, pursuant to Rule 4.3(B)(2), Ohio R.Civ.Pro., the method for out-of-state process under Ohio law is set forth in subsection (B)(1) of Rule 4.3, which provides for service by certified mail.

■ The aforementioned provisions indicate to the Court that the service of summons in this case to the defendant in the State of Colorado, by certified mail, is authorized under Ohio law, and, consequently, also under Rule 4(e) and (f) of the Federal Rules, if the subject matter of this cause is one of those enumerated in Ohio Rev.Code § 2307.382 or Rule 4.3, Ohio R.Civ.Pro. Considering only the fact of the Complaint, the Court cannot readily discern if this cause does, indeed, fall within one of those enumerated provisions. However, as will be illustrated herein, when the Complaint is read together with a certain uncontroverted allegation in the plaintiff's Memorandum in Opposition to the Motion to Dismiss (doc. # 5), it would appear that this action falls within both Ohio Rev.Code § 2307.382(A)(3), and Rule 4.3(A)(3), "causing tortious injury by act or omission in this state . . . ."

The Court in *Busch v. Service Plastics, Inc.,* 261 F.Supp. 136, 140 (N.D.Ohio 1966), described the scope of section 2307.382(A)(3) as follows:

"The scope of subsection (3) is limited to a tortious occurrence in which the causing act or omission as well as the resulting injury occur in Ohio. Subsection (3) contemplates that the act or omission causing tortious injury must be committed in Ohio. Occurrence of the tortfeasor's act or omission in Ohio establishes the tortfeasor's contact with Ohio out of which contact arises the cause of action against the tortfeasor."

74

■ Under *Busch*, this Court can assert personal jurisdiction and service can properly be made by certified mail beyond the territorial limits of the State of Ohio if two requirements are met. The first requirement is that the defendant's acts, the allegedly libelous and slanderous statements, must have occurred in Ohio. The second requirement is that the injuries resulting from the defendant's acts must have occurred in Ohio. Taking the requirements in reverse order, it appear that there are sufficient allegations in the Complaint to conclude that the requirement that the injuries from the defendant's acts must have occurred in Ohio has been met. Paragraph five of the Complaint alleges that "[b]y reason of the malicious statements ... Plaintiff was denied his access to Special Compartmental Information (S.C.I.) at Wright-Patterson Air Force Base and suspended from his usual work area from December, 1977 to January, 1980." This paragraph satisfies the aforementioned second requirement.

On the other hand, the Complaint does not allege that the tortious acts of the defendant occurred in Ohio. The plaintiff alleges that the defendant made the statements to "agents of Defense Investigative Services" on specified dates. (para. 2) He does not, however, allege that these statements were uttered within the State of Ohio. The place of utterance is clarified only by reference to the plaintiff's Memorandum (doc. # 5, at 1), where he states, "AT THE TIME THE STATEMENTS WERE MADE, DEFENDANT MADE THOSE STATEMENTS TO AGENTS *IN DAYTON, OHIO, MONTGOMERY COUNTY, OHIO* ...." (emphasis added).

■ Because the complaint, itself, is devoid of such allegation, this Court could grant the defendant's motion to dismiss on the ground that it is unable to determine, from the face of the Complaint, whether service of summons was properly made pursuant to state and federal law. However, dismissing this action would not, in all probability, have the effect of resolving this lawsuit, since it is obvious that the plaintiff can, if given an opportunity, cure the defect in the Complaint, with relative dispatch, by filing an amended complaint and without prejudice to the defendant.

Assuming the additions suggested above were made by way of amendment to the Complaint, the Court would conclude that this matter is one in which the defendant's allegedly tortious acts occurred in the State of Ohio and which resulted in injury within the State. The Court would, on that basis, conclude that service of summons upon the defendant in the State of Colorado by certified mail was proper pursuant to Ohio Rev. Code, § 2307.382(A)(3) and Rule 4.3(A)(3), Ohio R.Civ.Pro., and, thereby, authorized under Rule 4(e) and (f), Fed.R.Civ.Pro.

Consequently, the Court will grant the plaintiff fourteen (14) days from the date of receipt of notice of this Decision and Entry to amend the Complaint, pursuant to Rule 15, Fed.R.Civ.Pro. If no such amended pleading is forthcoming, this Court will, at the expiration of the fourteen days, enter an order granting the defendant's motion to dismiss.

The defendant has filed a motion, seeking a continuance of the January 26, 1981, trial date, for a period of 120 days or more after the above-referenced motion for dismissal has been filed. To date, no answer has yet been filed, because of the pendency of the motion to dismiss. The motion for a continuance is well taken. The trial date of January 26, 1981, is vacated. Likewise, the Final Pretrial Conference, set for January 14, 1981, is continued. A telephone conference will be had, between the Court and counsel, at 8:40 a. m. on Friday, January 30, 1981, for the sole purpose of determining a new trial date, new Final Pretrial Conference date, discovery cutoff date, etc.